USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 
DATE FILED: 4/1/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------X

ALLISON FELTER, :

Plaintiff, :

-against- :

ZEDO, INC., et al., :

Defendants. :

-----------------------------------X

15 Civ. 8178 (HBP)

DECISION AND ORDER

PITMAN, United States Magistrate Judge:

This matter is before me on the parties' joint application to approve the settlement reached in this matter. The application was made orally after the conclusion of a settlement conference held on March 28, 2016 at which I presided. The parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

This is an action for allegedly unpaid commissions and overtime brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. and the New York Labor Law. Plaintiff was formerly an account executive for defendant Zedo whose primary responsibility was selling advertising. Plaintiff was paid a base salary and a commission; in the aggregate, plaintiff's annual compensation was between $100,000 and $200,000.

There was no dispute among the parties that plaintiff's commissions were not fully paid. Although the parties did not agree on a precise figure for the unpaid commissions, the parties agreed that the figure was between $25,000 and $30,000. The principle dispute between the parties was whether plaintiff was an outside sales person within the meaning of 29 U.S.C. § 213(a)(1) and, therefore, exempt from the premium pay, commonly referred to as "time and a half," required to be paid to non-exempt workers for all hours worked in excess of 40 hours per week. The evidence on this issue did not clearly favor either side. Although plaintiff acknowledged in her employment agreement that her position was "exempt," it is not clear whether this term was ever explained to plaintiff or whether plaintiff knew what this provision meant. The employment agreement did not refer to the FLSA or the Labor Law nor did it explain from what the position was exempt. The effectiveness of this agreement was also in issue. In addition, the parties hotly disputed whether plaintiff was an "outside" sales person. Although there was no dispute that some of plaintiff's duties took her outside of Zedo's office, there was disagreement as to the amount of work conducted outside the office and the significance of the outside work played in bringing about sales.

The matter settled for the total sum of $55,000 to be paid as follows: $20,000 is to be paid upon the approval of the parties' settlement, $20,000 is to be paid thirty days thereafter and $15,000 is to be paid 60 days after the approval of the parties' settlement.

> Court approval of an FLSA settlement is appropriate "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n. 8 (11th Cir.1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." Beckman v. Keybank, N.A., 293 F.R.D. 467, 476 (S.D.N.Y. 2013) (Ellis, M.J.), citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353-54 (11th Cir.1982).

The settlement figure represents all of plaintiff's unpaid commissions and an approximately equal amount that could be deemed to represent either liquidated damages or some liquidated damages and some figure to resolve the overtime claim. In either event, I conclude that the settlement is fair. The case law is unsettled as to the amount of work that will bring a sales

person within the outside-salesperson exemption. One case has held that if as little as ten to twenty percent of an employee's time is spent in outside sales work, the employee is exempt from the FLSA's overtime requirements. Lint. v. Nw. Mut. Life Ins. Co., No. 090CV1373 DMS (RBB), 2010 WL 4809604 at *3 (C.D. Cal. Nov. 19, 2010); see also Taylor v. Waddell & Reed, Inc., No. 09CV2909 AJB WVG, 2012 WL 10669 at *3 (S.D. Cal. Jan. 3, 2012) ("The DOL likewise confirmed that selling or sales related activity outside the office 'one or two hours a day, one or two times a week' satisfied the test for the exemption."). Given the uncertainty of litigation and the unsettled state of the law, the settlement represents a fair and reasonable compromise of plaintiff's claims.[1]

---

[1]I do not address the fee arrangement between plaintiff and her counsel because I do not believe I am required to do so under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), cert. denied, 136 S. Ct. 824 (2016). As described in Cheeks, the purpose of the FLSA is to regulate the relationship between an employee and her employer and to protect the employee from over-reaching by the employer. 796 F.3d at 206. I do not understand the FLSA to regulate the relationship between the employee as plaintiff and his counsel or to alter the freedom of contract between a client and her attorney.

Accordingly, I approve the settlement in this matter. In light of the settlement, the action is dismissed with prejudice and without costs.

Dated: New York, New York
April 1, 2016

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel